UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HEIDI O'KEEFE,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF EAST PEORIA, a municipal corporation, RAY ROESE, STEVE FERGUSON, RICK SEMONSKI, and ADAM MINGUS, each in his individual capacity,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 14-1213<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER AND OPINION

Defendants, City of East Peoria (the "City"), Ray Roese, Steve Ferguson, Rick Semonski and Adam Mingus (the "Individual Defendants")(collectively referred to as "Defendants") have moved to dismiss Counts IV, VI and VII of Plaintiff, Heidi O'Keefe's ("O'Keefe") Second Amended Complaint [18]. This motion is fully briefed and this Order follows.

### BACKGROUND

On June 3, 2014, Plaintiff filed a *pro se* Complaint against the Defendants. Plaintiff retained counsel and the Complaint was amended on August 6, 2014. Defendants filed a Motion to Dismiss on August 22, 2014. Defendants' Motion was granted in part and denied in part pursuant to this Court's January 16, 2015 Order. The Court granted Plaintiff leave to file a Second Amended Complaint to cure the deficiencies in the Amended Complaint.

On January 30, 2015, Plaintiff filed a Second Amended Complaint alleging the following causes of action: Count I: Title VII Gender Discrimination against the City; Count II: Title VII

1

Gender Discrimination against the City; Count III: Section 1983 Equal Protection (Gender Discrimination) against the City; Count IV: Section 1983 Equal Protection (Gender Harassment) against the City; Count V: Section 1983 Equal Protection (Gender Discrimination) against Steve Ferguson; Count VI: Section 1983 Equal Protection (Gender Harassment) against the Individual Defendants; Count VII: Section 1983 First Amendment Retaliation against the Individual Defendants; Count VIII: Retaliatory Discharge against the City, and Count IX: Section 1983 Procedural Due Process Claim against the City. Plaintiff concedes that Count II was dismissed with prejudice pursuant to this Court's January 16, 2015 Order.

The Second Amended Complaint makes specific allegations against Steve Ferguson ("Ferguson"), Director of Public Works; Ray Roese ("Roese"), Supervisor of the Water Department and Vehicle Maintenance Department; Rick Semonski ("Semonski"), Supervisor of the Street Department; and Adam Mingus ("Mingus"), Foreman of the Solid Waste and Recycling Department.

On February 12, 2015, Defendants moved to dismiss Counts IV, VI and VII alleging Plaintiff failed to state her § 1983 Equal Protection (Gender Harassment) Claim against the City in Count IV; failed to establish her § 1983 Equal Protection (Gender Harassment) Claim against the Individual Defendants in Count VI; and failed to establish her § 1983 First Amendment Retaliation Claim against the Individual Defendants in Count VII. On March 2, 2015, Plaintiff filed a Stipulation of Dismissal as to Counts III and IV of the Second Amended Complaint.

## DISCUSSION

**1. Legal Standard**

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must be sufficient to

provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d. 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the… claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007); Twombly, 550 U.S. at 555. Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951-53, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Cohee v. Peoria County Sheriff's Dep't., 2011 U.S. Dist. WL 1526722, (C.D. Ill. April 20, 2011); Albright v. Oliver, 510 U.S. 266, 268, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); Hishon v. King & Spalding, 467 U.S. 69, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assocs., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

2. Analysis

I. Count VI: § 1983 Equal Protection (Gender Harassment) Against the Individual Defendants

In Count VI, O'Keefe alleges that her co-workers and supervisors, all of whom were acting under the color of the law, intentionally harassed and subjected her to differential treatment throughout her employment because she is a woman. For individuals to be liable under § 1983, he or she must have participated directly in the constitutional violation. Section

1983 creates a cause of action based on personal liability. See Hildenbrandt v. Ill. Dept. of Natural Resources, 347 F. 3d. 1014, 1039 (7th Cir. 2003). For supervisors, he or she must know of the conduct and facilitate it, approve it, condone it, or turn a blind eye. Id.

Defendants argue the Court should dismiss Count VI of the Second Amended Complaint because O'Keefe failed to establish allegations of sexual harassment in her § 1983 Equal Protection (Gender Harassment) Claim against the Individual Defendants. Specifically, Defendants argue that O'Keefe did not allege she was subjected to unwelcome sexual advances or requests that interfered with her work performance or created a hostile environment.

The absence of allegations regarding sexual advances and the like will not extinguish O'Keefe's § 1983 claim of gender harassment. The legal precedent from the Seventh Circuit establishes that hostile workplace environment claims are not limited to instances where there was sexual desire. See Boumehdi v. Plastag Holdings, LLC, 489 F.3d 781, 788 (7th Cir. 2007)("our precedent does not limit hostile environment claims to situations in which the harassment was based on sexual desire"). "Words or conduct demonstrating anti-female animus can support a sexual harassment claim based on a hostile work environment." Passananti v. Cook County, 689 F.3d at 644 (7th Cir. 2012).

In her Second Amended Complaint, O'Keefe states she was "subjected to differential treatment and harassment perpetrated by her supervisors." Second Amended Complaint ¶ 60. O'Keefe identifies her supervisors as Roese, Semonski, Mingus and Ferguson. Second Amended Complaint ¶ 59. O'Keefe then alleges facts attributable to the Individual Defendants, describing how she was treated differently and by whom at various times including: (1) after being injured, (2) when she was cited for a DUI, (3) and being characterized as a "poison apple" within the Department in an effort to turn colleagues against her. Second Amended Complaint ¶

60. By alleging facts attributable to the Individual Defendants, the Court finds Plaintiff has sufficiently stated a claim and given the Defendants fair notice of the claims against them. Accordingly, the Motion to Dismiss as to Count VI is denied.

## II. Count VII: § 1983 First Amendment Retaliation Against the Individual Defendants

In Count VII, Plaintiff alleges, as a citizen and out of concern for her coworkers and public at large, she reported safety issues and dangerous conditions that resulted from her supervisors' employment practices. Each time Plaintiff reported her concerns, Mingus allegedly began a campaign of harassment against O'Keefe, which resulted in being viewed as a "poison apple" in the City's Public Works Department. O'Keefe also alleges her supervisors "began to search for a way to terminate her employment as a means of silencing her and preventing reports of the Department's disregard for the safety of its employees and the public it serves." Second Amended Complaint ¶ 67.

In order to state a claim of First Amendment Retaliation, a public employee must present evidence that: (1) her speech was constitutionally protected, (2) she has suffered a deprivation likely to deter free speech, and (3) her speech was at least a motivating factor in the employer's action. See Massey v. Johnson, 457 F.3d 711, 716 (7th Cir. 2006), Spiegla v. Hull, 371 F.3d 928, 935, 940-41 (7th Cir. 2004) (citing Mt. Healthy City Sch. Dist. Bd. Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977)).

Defendants argue the Court should dismiss Count VII of the Second Amended Complaint because O'Keefe failed to establish her § 1983 First Amendment Retaliation Claim against the Individual Defendants. Defendants concede that O'Keefe properly pleads the first two elements of her § 1983 First Amendment Retaliation. However, the Defendants argue that Plaintiff failed to properly plead the third element of causation: O'Keefe's speech was a motivating factor in her

5

employer's action.  Defendants argue that O'Keefe pleads herself out of court when she alleges in her Second Amended Complaint that both her "suspension and termination… [were] related to the temporary loss of her CDL…"  Second Amended Complaint ¶ 44.

Contrary to the Defendants' assertion that O'Keefe was terminated because she lost her commercial driver's license, Plaintiff alleges a number of facts illustrating the Defendants' alleged intent to retaliate against her.  The facts alleged in Count VII include: Defendants Ferguson, Roese, and Semonski all denied O'Keefe light duty after she was injured; Semonski disciplined O'Keefe differently from her male colleagues who committed similar infractions; Ferguson told union personnel O'Keefe was a "bad employee" contrary to her personnel record; and that Roese instructed O'Keefe's coworkers not to help her and referred to O'Keefe as a "poison apple" within the Department of Public Works in an effort to turn her colleagues against her.  Second Amended Complaint ¶ 68.  Additionally, Plaintiff alleges Defendant Ferguson terminated O'Keefe's employment under the pretext that she had lost her commercial driver's license, while other male employees who had also lost their CDLs and who did not speak out about the Department's safety issues retained their employment.  Second Amended Complaint ¶ 69.

O'Keefe alleges she was disciplined disparately for various infractions even though similar infractions did not yield the same discipline for her male colleagues, and that she was denied assistance on assignments from co-workers because Defendant Roese instructed them not to help her.  Second Amended Complaint ¶ 68.  For pleading purposes, the Court finds Plaintiff sufficiently pled that her speech was constitutionally protected, she suffered a deprivation likely to deter free speech, and that her speech was at least a motivating factor in the employer's

adverse action against her. Plaintiff alleges all Individual Defendants were supervisors, acting under color of state law, and personally involved in the discriminatory conduct.

Accordingly, the Motion to Dismiss as to Count VII is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [18] is DENIED. This matter is referred to the Magistrate Judge for further proceedings.

Entered this 8th day of July, 2015.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge