E-FILED
Friday, 31 July, 2015  10:54:16 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HEIDI O'KEEFE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CITY OF EAST PEORIA, a municipal )<br>Corporation, RAY ROESE, STEVE )<br>FERGUSON, RICK SEMONSKI, and )<br>ADAM MINGUS, each in his individual )<br>capacity )<br>)<br>Defendants. ) | Case No.: 14-1213 |

## O R D E R AND OPINION

The Court previously dismissed Count II of the Complaint for failure to exhaust the administrative process. Plaintiff, Heidi O'Keefe ("O'Keefe"), now seeks reconsideration of that decision. The matter is fully briefed, and this Order follows.

### DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. Id. at 1270.

Defendants moved to dismiss Counts II alleging Plaintiff failed to the exhaust her administrative remedies with regards to her Title VII Hostile Work Environment/Harassment Claim. The Court noted that the Charge of Discrimination made no mention on its face of any harassment claim; rather, the Charge contained a claim for gender discrimination with respect to

the discrete incident of her termination. O'Keefe argued that in May 28, 2014, correspondence between her counsel and the EEOC, she made it clear that she intended for the EEOC to investigate her workplace harassment claims. The Court reviewed this information and concluded that the correspondence did not support her assertion that Defendants were on notice of her complaints sexual harassment. As a result, the Court granted the Motion to Dismiss.

Plaintiff now argues that she was not attempting to pursue a claim of sexual harassment, but rather a claim that she was subjected to a hostile work environment because of her gender. In order to sustain a charge of hostile work environment, a plaintiff must establish: (1) the conduct was both objectively and subjectively offensive; (2) the harassment was based on her sex; (3) the conduct was either severe or pervasive; and (4) there is a basis for employer liability. Passananti v. Cook County, 2012 WL 2948524 at *6 (7th Cir. 2012). In order to show the conduct was severe or pervasive enough to rise to the level of hostile, it must have altered the conditions of O'Keefe=s employment such that it created a hostile work environment. EEOC v. Management Hosp. of Racine, Inc., 666 F.3d 422, 432 (7th Cir. 2012). Factors to consider include the severity of the alleged conduct, its frequency, whether it was physically threatening or humiliating or merely offensive, and whether it unreasonably interfered with her work performance. Gentry v. Export Packing Co., 238 F.3d 842, 850 (7th Cir. 2001).

O'Keefe's correspondence with the EEOC points to other employees being told not to help her with her route when they were allowed to help everyone else, a refusal to allow her to return to light duty work following an injury when other employees were given light duty assignments, an inconsistent policy regarding discipline that resulted in her being disciplined for an accident while male employees were not, an inconsistent DUI suspension policy that resulted in her termination when other employees were allowed to keep their jobs, and an alleged statement by Steve Ferguson, the Director of Public Works and alleged decision-maker in this

case, that she 'was being treated differently because she was a woman." Again, this information indicates that O'Keefe believed that she was being treated differently in terms of privileges or discipline because of her gender on certain discrete instances. It does not suggest an overall, pervasive anti-female animus that was frequent and severe enough to unreasonably alter the conditions of her employment or create a hostile work environment. Accordingly, the Court's prior ruling granting the Motion to Dismiss for failure to exhaust stands.

## CONCLUSION

For the reasons set forth below, Plaintiff's Motion for Reconsideration [23] as to Count II is DENIED.

Entered this 31st day of July, 2015.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge